IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HRD CORPORATION d/b/a MARCUS OIL & CHEMICAL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-1747 |
| DR. EBRAHIM BAGHERZADEH, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

HRD Corporation d/b/a Marcus Oil & Chemical ("HRD") brings this action against Dr. Ebrahim Bagherzadeh seeking a declaratory judgment that Bagherzadeh is not entitled to be a named inventor on certain patents assigned to HRD. Pending before the court is Defendant's Motion to Dismiss (Docket Entry No. 7, H-11-cv-1108) pursuant to Federal Rule 12(b)(6).[1] For the reasons stated below, the court will deny Bagherzadeh's motion.

## I.  Factual and Procedural Background

This action concerns a dispute over whether Bagherzadeh's contributions to the development of certain technologies earned him the right to be a named inventor on the patents covering those technologies. HRD is a Texas corporation involved in the

---

[1]The court has since consolidated action H-11-cv-1108 with action H-10-cv-1747 (Docket Entry No. 40, H-10-cv-1747). All subsequent docket-entry citations will refer to action H-10-cv-1747 unless noted otherwise.

development and commercialization of innovative technologies.[2] Bagherzadeh, an Iranian chemist, was hired by HRD in 2003 and brought to the United States to work in HRD's research-and-development facilities.[3]   The parties agreed that HRD would compensate Bagherzadeh in exchange for exclusive intellectual-property rights over the inventions that Bagherzadeh helped develop.[4]

During Bagherzadeh's tenure HRD submitted a number of patent applications, each one naming several inventors, including Bagherzadeh.[5]   HRD alleges that all of the listed inventors executed declarations verifying their right to be named inventors.[6] Many of these applications resulted in patents issued by the United States Patent and Trademark Office ("USPTO"), the full rights of which, according to HRD's allegations, have been assigned to HRD.[7]

--------

[2]Plaintiff's Original Complaint for Declaratory Judgment ("Complaint"), Docket Entry No. 1, 4:11-cv-1108, ¶¶ 6, 8.

[3]Id. ¶ 9; Memorandum Opinion and Order, Docket Entry No. 33, p. 2.

[4]See Complaint, Docket Entry No. 1, 4:11-cv-1108, ¶¶ 10-11; Memorandum Opinion and Order, Docket Entry No. 33, pp. 2-3.   The above-referenced agreement was the subject of a contentious arbitration proceeding that is described in greater detail in the court's Memorandum Opinion and Order of March 24, 2011, which granted Bagherzadeh's motion to confirm the arbitration award (Docket Entry No. 33).

[5]Complaint, Docket Entry No. 1, 4:11-cv-1108, ¶ 11.

[6]Id. ¶¶ 10-12.

[7]Id. ¶ 4.

HRD alleges that in the course of the arbitration proceeding that preceded this action Bagherzadeh "was ordered to highlight his contribution[s] to numerous patent applications that listed him as an inventor," and that when deposed, Bagherzadeh stated that he had done so and that he had been given adequate time to review the applications.[8]  HRD alleges that with respect to eighteen of the patents (the "HRD Patents"), all of which currently name Bagherzadeh as an inventor, "Bagherzadeh did not highlight a single claim."[9]  Consequently, HRD alleges that Bagherzadeh should be removed from the list of inventors on the HRD Patents because he does not meet the relevant requirements to be a named inventor.[10]

On March 25, 2011, after Bagherzadeh refused to consent to a joint effort to remove his name from the HRD Patents,[11] HRD filed this action to request (1) a declaratory judgment that Bagherzadeh is not entitled to be a named inventor on the HRD Patents pursuant to 35 U.S.C. § 256 and (2) a court order instructing the Director of the USPTO to issue a Certificate of Correction for each of the HRD Patents removing Bagherzadeh as a named inventor.[12]  Bagherzadeh moves to dismiss HRD's complaint under Fed. R. Civ. P. 12(b)(6) on

---

[8]Id. ¶ 15.

[9]Id. ¶ 17.

[10]Id. ¶¶ 18-21.

[11]Id. ¶¶ 19-20.

[12]Id. ¶ 21.

the basis that HRD has failed to meet all of the statutory and regulatory prerequisites that apply when one seeks to add or remove an inventor from a patent.[13]

## II.   Analysis

### A.   Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted.   Fed. R. Civ. P. 12(b)(6).   To defeat a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).   "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S. Ct. at 1965.   A Rule 12(b)(6) motion requires the court to "accept the plaintiff's well-pleaded facts as true and [to] view them in the light most favorable to the plaintiff."  Chauvin v. State Farm Fire & Cas. Co., 495 F.3d 232, 237 (5th Cir. 2007) (citing Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004)).

In reaching its conclusion "the court may consider documents attached to or incorporated in the complaint and matters of which

---

[13]Defendant's Motion to Dismiss, Docket Entry No. 7, 4:11-cv-1108, p. 4.

judicial notice may be taken," <u>United States ex. rel. Willard v.</u>
<u>Humana Health Plan of Tex. Inc.</u>, 336 F.3d 375, 379 (5th Cir. 2003),
including "[m]atters of public record [and] items appearing in the
record of the case," <u>Meador v. Oryx Energy Co.</u>, 87 F. Supp. 2d 658,
661 (E.D. Tex. 2000); <u>see also</u> <u>Jefferson v. Lead Indus. Ass'n,</u>
<u>Inc.</u>, 106 F.3d 1245, 1250 n.14 (5th Cir. 1997) (incorporating by
reference the district court's 12(b)(6) analysis, which determined
that the court could take judicial notice of the contents of public
records).

**B.    Removing a Named Inventor From a Patent**

> 1.    <u>Whether HRD Satisfied All Applicable Prerequisites Under</u>
>       <u>35 U.S.C. § 256</u>

The parties dispute whether HRD has alleged a claim on which
relief may be granted under 35 U.S.C. § 256, which provides that

> [w]henever through error a person is named in an issued
> patent as the inventor, . . . the Director [of the USPTO]
> may, on application of all the parties and assignees,
> with proof of the facts and such other requirements as
> may be imposed, issue a certificate correcting such
> error.

> The error of . . . naming persons who are not inventors
> shall not invalidate the patent in which such error
> occurred if it can be corrected as provided in this
> section.  The court before which such matter is called in
> question may order correction of the patent on notice and
> hearing of all parties concerned and the Director shall
> issue a certificate accordingly.

Bagherzadeh interprets these provisions to mean that a party
can only obtain a court-ordered correction of a named inventor
under § 256 if "all the parties and assignees" consent to the

correction.[14]  HRD responds that while Bagherzadeh's reading of the
statute may be correct when a party is seeking a correction
directly from the Director, it overlooks the statute's second
paragraph, which requires only "notice and hearing of all parties
concerned" when the correction is sought through court order.[15]

Both parties argue that their positions are reinforced by the
language in the federal regulation implementing § 256, which
provides that

> [w]henever through error a person is named in an issued
> patent as the inventor, . . . the Director, pursuant to
> 35 U.S.C. § 256, may, on application of all the parties
> and assignees, or on order of a court before which such
> matter is called in question, issue a certificate naming
> only the actual inventor or inventors.

37 C.F.R. § 1.324(a).  Bagherzadeh argues that the regulation, like
the statute, requires that all parties and assignees consent to the
request for a correction,[16] while HRD argues that the requirement
only applies to requests that are submitted directly to the
Director and does not apply to actions initiated in federal court.[17]

The court concludes that HRD's reading of the statute is
correct.   Under the express language of the statute, the

---

[14]Defendant's Motion to Dismiss, Docket Entry No. 7, 4:11-cv-
1108, pp. 2, 4.

[15]HRD's Response to Bagherzadeh's Motion to Dismiss ("HRD's
Response"), Docket Entry No. 48, ¶¶ 9-11.

[16]Defendant's Motion to Dismiss, Docket Entry No. 7, 4:11-cv-
1108, pp. 2-3.

[17]HRD's Response to Bagherzadeh's Motion to Dismiss ("HRD's
Response"), Docket Entry No. 48, ¶¶ 9-11.

requirement that "all of the parties and assignees" file a joint application for a correction of a named inventor pertains to situations where "the Director . . . issues a certificate correcting [an] error." 35 U.S.C. § 256. The sentence that empowers the Director to make such a correction is found in the statute's first paragraph and bears no mention of a party requesting a correction through a court order. Id. The sentence empowering a court to order a correction of a named inventor is found in a separate paragraph and is conditioned only on the "notice and hearing of all parties concerned." Id.; see also MCV, Inc. v. King-Seeley Thermos Co., 870 F.2d 1568, 1570 (Fed. Cir. 1989) ("In the event consensus is not attained [between all patentees and assignees], however, the second paragraph of [§] 256 permits redress in federal court.").

The notion that the prerequisites for corrections issued by the Director are distinct from those issued by court order is reinforced by the language in the regulation, which arranges them disjunctively: "the Director . . . may, on application of all the parties and assignees, or on order of a court before which such matter is called in question . . . ." 37 C.F.R. § 1.324(a) (emphasis added). The regulation makes clear that a party seeking a correction through a court order is not required to first obtain the consent of all the parties and assignees. Id. Accordingly, HRD was not required to obtain consensus from all of the parties and assignees before filing its complaint.

-7-

2.    <u>Whether HRD Satisfied All Applicable Prerequisites Under
      37 C.F.R. § 3.124(b)</u>

Bagherzadeh argues that HRD nonetheless fails to state a claim
on which relief may be granted because under 37 C.F.R. § 1.324(b),
all requests for the removal of a named inventor must be
accompanied by statements from all of the current named inventors
either agreeing to the change or stating that they have no
disagreement to the change.[18]  It is undisputed that Bagherzadeh
does not agree to the proposed change.  Bagherzadeh is correct that
§ 3.124(b) requires such statements from all the current named
inventors for "[a]ny request to correct inventorship of a patent
pursuant to paragraph (a) of this section."  37 C.F.R. § 3.124(b).
Paragraph (a) of § 3.124, discussed previously, governs requests
made to the Director as well as orders from a court "before which
such matter is called in question."  37 C.F.R. § 3.124(a).  HRD
argues that the requirement in § 3.124(b) pertains only to non-
contested applications submitted to the Director, in keeping with
the distinction between Director-issued and court-ordered changes
set out in § 256.[19]  Although the question is not entirely free from
doubt, the court concludes that HRD has the better argument.

The relevant statute, § 256, does not require a party seeking
removal of a named inventor by court order to first obtain the

---

[18]Defendant's Motion to Dismiss, Docket Entry No. 7, 4:11-cv-
1108, p. 4.

[19]HRD's Response, Docket Entry No. 48, ¶¶ 10-11.

consent of all of the named inventors currently listed on the patent.  See 35 U.S.C. § 256.  The statute permits parties to pursue correction of inventorship in one of two ways:  on application to the Director if inventorship is uncontested and all parties are in agreement, or through a judicial proceeding.  See id.; MCV, Inc., 870 F.2d at 1570.[20]  If the qualifications of a named inventor on a patent is contested, a party seeking removal of that inventor may pursue the correction in district court.  Reading § 1.324(b) so that it applies to both options — applications to the Director and an action to obtain a court order — would conflict with Congress's express intent to allow a court to order the removal of a named inventor even when the named inventor contests the removal.  "[I]nventorship contests by definition will lack consent of all inventors." Stark v. Advanced Magnetics, Inc., 119 F.3d 1551, 1553 (Fed. Cir. 1997).

The court therefore concludes that HRD did not have to procure permissive statements from all current named inventors in order to request a court order removing one of the named inventors.  Such a requirement would only apply if HRD's request was submitted to the Director.[21]

---

[20]At the time the Federal Circuit issued its opinion in MCV, Inc. the language of § 256 was identical to the language currently in effect except that the word "Commissioner" in the previous version has been replaced with "Director."  Compare MCV, Inc., 870 F.2d at 1570 n.1, with 35 U.S.C. § 256.

[21]The phrase "[a]ny request to correct inventorship" in § 1.324(b) only refers to requests filed with the Director.  This interpretation is supported by the relevant section of the Manual (continued...)

### III.   Conclusion and Order

For the reasons explained above, the court concludes that Bagherzadeh has not demonstrated that HRD failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ P. 12(b)(6).  Accordingly, Defendant's Motion to Dismiss (Docket Entry No. 7, H-11-cv-1108) is **DENIED**.

**SIGNED** at Houston, Texas, on this 10th day of June, 2011.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[21](...continued)
of Patent Examining Procedure, which provides that correction of inventorship under § 256 and § 1.324 should be effected by "filing a request for a Certificate of Correction if" all parties are in agreement and the inventorship issue is not contested.  Correction of Inventorship, MANUAL OF PATENT EXAMINING PROCEDURE § 1412.04 (8th ed. 2010).  Such provisions would be in conflict with § 256 unless the definition of a "request" for a correction is limited to an application to the Director of the USPTO.