IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HRD CORPORATION d/b/a | § | |
| MARCUS OIL & CHEMICAL | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | C.A. NO. 4:10-cv-01747 |
| | § | |
| | § | |
| DR. EBRAHIM BAGHERZADEH, | § | |
| | § | |
|     Defendant | § | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

O'Donnell, Ferebee, Medley & Keiser, P.C.

Jason L. Frazer
Federal I.D. No. 989109
TBN: 24067211
William C. Ferebee
Federal I.D. No. 7017
TBN: 06907500
450 Gears Road, Suite 800
Houston, Texas  77067
281.875.8200 Telephone
281.875.4962 Facsimile
*ATTORNEYS FOR PLAINTIFF,*
*HRD Corporation d/b/a*
*Marcus Oil & Chemical*

# TABLE OF CONTENTS

Table of Contents .................................................................................................................. i

Index of Authorities ............................................................................................................ iii

I.      Nature and Stage of the Proceeding ......................................................................1

II.     Issues for the Court to Rule Upon..........................................................................1

III.    Summary of the Argument.....................................................................................2

IV.     Factual Background ...............................................................................................2

V.      Arguments and Authorities ...................................................................................5

        A.      Case Law and the Controlling United States Statutes and/or Regulations ...................5
                Require an Inventor to Contribute to at Least One Claim to be a Named Inventor

        B.      Bagherzadeh's Sworn Testimony Conclusively Shows he did not  ...........................6
                Contribute to the Claims in the '576 Patent

        C.      Bagherzadeh's Sworn Testimony Conclusively Shows he did not  ...........................7
                Contribute to the Claims in the '496 Patent

        D.      Bagherzadeh's Sworn Testimony Conclusively Shows he did not  ...........................8
                Contribute to the Claims in the '497 Patent

        E.      Bagherzadeh's Sworn Testimony Conclusively Shows he did not  ...........................9
                Contribute to the Claims in the '856 Patent

        F.      Bagherzadeh's Sworn Testimony Conclusively Shows he did not  .........................10
                Contribute to the Claims in the '493 Patent

        G.      Bagherzadeh's Sworn Testimony Conclusively Shows he did not  .........................11
                Contribute to the Claims in the '174 Patent

        H.      Bagherzadeh's Sworn Testimony Conclusively Shows he did not  .........................12
                Contribute to the Claims in the '431 Patent

        I.      Bagherzadeh's Sworn Testimony Conclusively Shows he did not  .........................13
                Contribute to the Claims in the '953 Patent

        J.      Bagherzadeh's Sworn Testimony Conclusively Shows he did not  .........................14
                Contribute to the Claims in the '391 Patent

        K.      Bagherzadeh's Sworn Testimony Conclusively Shows he did not  .........................15
                Contribute to the Claims in the '481 Patent

L.    Bagherzadeh's Sworn Testimony Conclusively Shows he did not ...........................16
      Contribute to the Claims in the '188 Patent

M.    Bagherzadeh's Sworn Testimony Conclusively Shows he did not ..........................17
      Contribute to the Claims in the '184 Patent

N.    Bagherzadeh's Sworn Testimony Conclusively Shows he did not ...........................18
      Contribute to the Claims in the '069 Patent

VI.   Conclusion ...................................................................................................19

Certificate of Service ................................................................................................20

Appendix .................................................................................................................21

# INDEX OF AUTHORITIES

**Cases**

*Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed.Cir. 1998)................................... 5

*Sewall v. Waters,* 21 F.3d 411, 415 (Fed.Cir.1994)........................................... 5, 6, 7, 8, 9, 10, 11,
...........................................................................................12, 13, 14, 15, 16, 17, 18

*Stark v. Advanced Magnetics, Inc*., 119 F.3d 1551, 1557 (Fed.Cir.1997)..................................... 5

**Statutes**

35 U.S.C. § 256.................................................................................................................. 1, 5

## HRD CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, HRD Corporation d/b/a Marcus Oil & Chemical ("HRD"), files this Motion for Partial Summary Judgment, and respectfully shows the following:

## I.     NATURE AND STAGE OF THE PROCEEDING

1.     On May 14, 2010, HRD filed its Original Complaint seeking a declaratory judgment to the effect that two (2) patents in which Dr. Ebrahim Bagherzadeh ("Bagherzadeh") claimed inventorship are invalid and unenforceable. Docket No. 1. The validity of the patents remains unresolved and pending before this Court. On March 25, 2011, HRD filed a second suit[1] seeking to correct the inventorship on certain issued United States Patents pursuant to the procedure set forth in 35 U.S.C. § 256 and the admissions of Bagherzadeh under oath in a related arbitration.  In the second lawsuit, Bagherzadeh filed a 12(b)(6) Motion to Dismiss, erroneously claiming HRD failed to state a claim.  Ex. 1. On April 27, 2011, Bagherzadeh filed an unopposed motion to consolidate the two cases.  Docket No. 39.  The Court granted the motion, thereby consolidating the cases. Docket No. 40.   On June 21, 2011, Bagherzadeh filed his answer to HRD's second lawsuit[2]. Ex. 2.

## II.     ISSUES FOR THE COURT TO RULE UPON

2.     Before the Court is the issue of whether Bagherzadeh actually made any contribution to the claims contained in thirteen (13) issued United States Patents. Because Bagherzadeh has testified under oath he did not contribute to the claims in these

[1] The second suit was pending under Cause Number 4:11-CV-01108.
[2] Bagherzadeh improperly filed his answer in the 4:11-CV-01108 matter rather than the consolidated case before this Court

patents, the Court should enter an Order directing the Director of the United States Patent and Trademark Office to remove his name as an inventor on each of the patents.

## III.    SUMMARY OF THE ARGUMENT

3.     Bagherzadeh, by his own sworn testimony, admits he has not contributed to a single claim in the patents at issue in this motion.  An inventor must contribute the claimed invention(s) in order to be listed as an inventor on a United States Patent.  As a matter of law, Bagherzadeh's sworn testimony requires the removal of his name from the list of inventors on the patents included in this motion.  Accordingly, the Court should enter an Order directing the Director of the United States Patent and Trademark Office to correct the subject patents by removing Bagherzadeh from the list of named inventors.

## IV.    FACTUAL BACKGROUND

4.     HRD hired Bagherzadeh to assist with its research and development efforts. Bagherzadeh performed work in HRD's laboratory in Houston, Texas, and in conjunction with Dr. Rayford Anthony of Texas A&M University, in an attempt to advance HRD's research projects.

5.     During the tenure of Bagherzadeh's employment with HRD, numerous ideas were conceived and, first reduced to practice.  Subsequently, HRD submitted patent applications on many of the inventions including the following now issued United States Patents:  7,479,576 ('576); 7,482,496 ('496); 7,482,497 ('497); 7,491,856 ('856); 7,592,493 ('493); 7,652,174 ('174); 7,659,431 ('431); 7,691,953 ('953); 7,696,391 ('391); 7,749,481 ('481); 7,750,188 ('188); 7,842,184 ('184); and 7,910,069 ('069 (hereinafter "HRD Patents").

6.     In filing the patent applications, each named inventor, including Bagherzadeh, executed a declaration verifying his right under the laws of the United States to be named as an inventor. The other listed co-inventors took Bagherzadeh at his word, as verified in his declaration filed with each application, that he actually contributed to the invention(s) claimed in each HRD Patent.

7.     Due to other disputes between HRD and Bagherzadeh, the applications underlying the HRD Patents were the subject of testimony taken in an arbitration proceeding styled *Dr. Ebrahim Bagherzadeh v. HRD Corporation d/b/a Marcus Oil & Chemical*;  Cause No. 70 116 00279 09  ("Arbitration Proceeding").

8.     In the Arbitration Proceeding, the Arbitration Panel ordered Bagherzadeh to highlight his contribution to numerous patent applications that listed him as an inventor.  Ex. 3 ¶ 4. Bagherzadeh completed this task, and returned to HRD's counsel the patent applications where he highlighted all of his contributions.

9.     Thereafter, HRD deposed Bagherzadeh in the Arbitration Proceeding about his highlighted contributions in many of the patent applications.  Bagherzadeh testified he had adequate time to review the applications, understood what was asked of him, and had in fact highlighted all of his contributions.

> Dr. Bagherzadeh, I've placed
> in front of you a series of patents or patent
> applications that have been marked Exhibits 3 through 25.
>         Now, you were given these and some other
> patents to review two or three weeks ago.  Correct?
>     A.  Yes.  Maybe it was more than two, three weeks
> ago.
>     Q.  Okay.  And you were asked to review each of the
> patents.  Is that correct?
>     A.  Yes.
>     Q.  And you were asked that if you had any input
> onto any one of these patents, to mark the area that you

had input with a yellow highlighter marker.  Is that
correct?
    A.  Yes.
    Q.  Okay.  And did you have the opportunity to
review these with your attorney?
    A.  Yes.
    Q.  Okay.  And if you had any question about
something in a patent, you had a chance to ask questions
about that during your review.  Is that correct?
    A.  Yes.
    Q.  Okay.  And to avoid going through each of these
page by page, if you did not mark something in yellow,
that means that you did not have any input into that part
of the patent.  Is that correct?
    A.  No, I didn't have any specific input or ideas.
    Q.  All right.  And you had -- you had enough time
to read these, didn't you?
    A.  To some extent.
    Q.  Okay.  If there's one of these patents that we
get to and you did not think you had a sufficient time to
review it, would you tell me?
    A.  Okay.  Sure.

Ex. 4, Pgs 84:1-85:9. Bagherzadeh did not testify to having insufficient time to review

any of the patent applications at issue.  After reviewing many of the patent applications

underlying the patents at issue here, Bagherzadeh conceded his only contributions were

"known chemical reactions."  *Id.*  at 112:25-113:4.

    10.    Due to Bagherzadeh's admissions, HRD sent a letter to Bagherzadeh's

counsel on September 10, 2010, outlining the reasons Bagherzadeh is not an inventor in

accordance with the patent laws of the United States and requesting Bagherzadeh's

assistance to correct the inventorship listed on the numerous patents.  Ex. 5.

Bagherzadeh refused to assist, or otherwise cooperate with HRD to correct the HRD

Patents. Ex. 6. Bagherzadeh's refusal to cooperate necessitated the filing of this action.

## V.        ARGUMENTS AND AUTHORITIES

### A.  Case Law and the Controlling United States Statutes and/or Regulations Require an Inventor to Contribute to at Least One Claim to be a Named Inventor.

11.        In order to be a named inventor on a patent issued under the laws of the United States, an individual must contribute at least one of the claimed inventions in the granted patent. MPEP[3] 2137.01. Inventorship is a question of law for the court to decide. *Sewall v. Waters,* 21 F.3d 411, 415 (Fed.Cir.1994).   Determining inventorship requires the court to determine who conceived the subject matter recited in the *claims* of an invention.   *Id.* (*emphasis added*). An invention may be the work of two or more joint inventors, but *each* inventor must contribute to one of the claims.   *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed.Cir. 1998)(emphasis added).  Contrary, merely assisting the inventor, or providing well known principles to the inventor, does not entitle an individual to be named as an inventor on the issued patent.  *Id.*

12.        Under the provisions of 35 U.S.C. § 256, there are two methods to correct inventorship on issued patents.  First, if all the inventors agree, correction can be had through the United States Patent and Trademark Office. 35 U.S.C. §256.  In the event of disagreement between the inventors, a court of competent jurisdiction is allowed to determine the proper inventors and direct the Director of Patents to correct the inventorship.   *Id.*; *See also, Stark v. Advanced Magnetics, Inc*., 119 F.3d 1551, 1557 (Fed.Cir.1997).

---

[3] MPEP refers to the manual of patenting procedure, Eighth Edition, Revision 4.

### B. Bagherzadeh's Sworn Testimony Conclusively Shows he did not Contribute to the Claims in the '576 Patent

13.     Bagherzadeh is not an Inventor of the Inventions claimed in the '576 Patent.   Bagherzadeh, in accordance with the Order from the arbitration panel, highlighted each contribution he made to U.S. Patent Application 2009/0005611[4] ('5611).  Ex. 7.  Bagherzadeh's highlighting consisted of the title, abstract and a summary provided in paragraph 6.  *Id.*  HRD confirmed Bagherzadeh's marking was complete at his deposition.  *See* Ex. 4, Pgs 103:18-104:4.  Bagherzadeh testified under oath that he had plenty of time to review this application, that he understood the task, and that his markings fully encompass his contributions.  *Id.* at 84:1-85:9.

14.     The '576 patent was issued with fourteen (14) claims.  Ex. 8. The claims included in the '576 patent are a subset of the twenty nine (29) claims included in the '5611 application. Ex. 7;  *See also* Docket No. 1 ¶ 25 and Bagherzadeh's admission in his answer:  Ex. 2, ¶ 25.

15.     By Bagherzadeh's own admissions, both in highlighting the application and sworn testimony, Bagherzadeh admits he did not contribute to a single claim in the '576 patent.  Because he did not contribute to a single claim, Bagherzadeh - as a matter of law - is not an inventor of the subject matter claimed in the '576 patent.  *See Sewall*, 21 F.3d at 415.

16.     Therefore, HRD requests the Court enter an Order directing the Director of Patents to correct the inventorship of the '576 Patent by removing Bagherzadeh's name from the list of inventors.

---

[4] '5611 is the publication number of the application that ultimately issued as the '576 patent.

### C. Bagherzadeh's Sworn Testimony Conclusively Shows he did not Contribute to the Claims in the '496 Patent

17.     Bagherzadeh is not an Inventor of the Inventions claimed in the '496 Patent.   Bagherzadeh, in accordance with the Order from the arbitration panel, highlighted each contribution he made to U.S. Patent Application 2009/0005609[5] ('5609).  Ex. 9.  Bagherzadeh's highlighting consisted of the title, abstract and the brief summary provided in paragraphs 12-15.  *Id.*  HRD confirmed Bagherzadeh's marking was complete at his deposition.  *See* Ex. 4, Pgs 102:13-17.  Bagherzadeh testified under oath that he had plenty of time to review this application, that he understood the task, and that his markings fully encompass his contributions.  *Id.* at 84:1-85:9.

18.     The '496 patent was issued with ten (10) claims.  Ex. 10. The claims included in the '496 patent are a subset of the twenty (20) claims included in the '5609 application. Ex. 9; *See also* Docket No. 1 ¶ 31 and Bagherzadeh's admission in his answer:  Ex. 2, ¶ 31.

19.     By Bagherzadeh's own admissions, both in highlighting the application and sworn testimony, Bagherzadeh admits he did not contribute to a single claim in the '496 patent.  Because he did not contribute to a single claim, Bagherzadeh - as a matter of law - is not an inventor of the subject matter claimed in the '496 patent.  *See Sewall*, 21 F.3d at 415.

20.     Therefore, HRD requests the Court enter an Order directing the Director of Patents to correct the inventorship of the '496 Patent by removing Bagherzadeh's name from the list of inventors.

---

[5] '5609 is the publication number of the application that ultimately issued as the '496 patent.

### D. Bagherzadeh's Sworn Testimony Conclusively Shows he did not Contribute to the Claims in the '497 Patent

21.     Bagherzadeh is not an Inventor of the Inventions claimed in the '497 Patent.  Bagherzadeh, in accordance with the Order from the arbitration panel, highlighted each contribution he made to U.S. Patent Application 2009/0005613[6] ('5613).  Ex. 11.  Bagherzadeh's highlighting consisted of the title, abstract and the brief summary provided in paragraph 11.  *Id.*  HRD confirmed Bagherzadeh's marking was complete at his deposition.  *See*  Ex. 4, Pgs 111:10-18.  Bagherzadeh testified under oath that he had plenty of time to review this application, that he understood the task, and that his markings fully encompass his contributions.  *Id.* at 84:1-85:9.

22.     The '497 patent was issued with ten (10) claims.  Ex. 12. The claims included in the '497 patent are a subset of the twenty (20) claims included in the '5613 application. Ex. 11; *See also* Docket No. 1 ¶ 37 and Bagherzadeh's admission in his answer:  Ex. 2, ¶ 37.

23.     By Bagherzadeh's own admissions, both in highlighting the application and sworn testimony, Bagherzadeh admits he did not contribute to a single claim in the '497 patent.  Because he did not contribute to a single claim, Bagherzadeh - as a matter of law - is not an inventor of the subject matter claimed in the '497 patent.  *See Sewall*, 21 F.3d at 415.

24.     Therefore, HRD requests the Court enter an Order directing the Director of Patents to correct the inventorship of the '497 Patent by removing Bagherzadeh's name from the list of inventors.

---

[6] '5613 is the publication number of the application that ultimately issued as the '497 patent.

**E. Bagherzadeh's Sworn Testimony Conclusively Shows he did not Contribute to the Claims in the '856 Patent**

25.     Bagherzadeh is not an Inventor of the Inventions claimed in the '856 Patent.   Bagherzadeh, in accordance with the Order from the arbitration panel, highlighted each contribution he made to U.S. Patent Application 2009/0005612[7] ('5612).  Ex. 13.  Bagherzadeh's highlighting consisted of the title, abstract and the brief summary provided in paragraphs 10, as well as paragraphs 55-58 in the description.  *Id.* HRD confirmed Bagherzadeh's marking was complete at his deposition. *See*  Ex. 14, Pgs 67:13-69:9.  Bagherzadeh testified under oath that he had plenty of time to review this application, that he understood the task, and that his markings fully encompass his contributions.  Ex. 4, Pgs 84:1-85:9.

26.     The '856 patent was issued with ten (10) claims.  Ex. 15. The claims included in the '856 patent are a subset of the twenty (20) claims included in the '5612 application. Ex. 13;  *See also* Docket No. 1 ¶ 43 and Bagherzadeh's admission in his answer: Ex. 2, ¶ 43.

27.     By Bagherzadeh's own admissions, both in highlighting the application and sworn testimony, Bagherzadeh admits he did not contribute to a single claim in the '856 patent.  Because he did not contribute to a single claim, Bagherzadeh - as a matter of law - is not an inventor of the subject matter claimed in the '856 patent.  *See Sewall*, 21 F.3d at 415.

28.     Therefore, HRD requests the Court enter an Order directing the Director of Patents to correct the inventorship of the '856 Patent by removing Bagherzadeh's name from the list of inventors.

---

[7] '5612 is the publication number of the application that ultimately issued as the '856 patent.

### F. Bagherzadeh's Sworn Testimony Conclusively Shows he did not Contribute to the Claims in the '493 Patent

29.     Bagherzadeh is not an Inventor of the Inventions claimed in the '493 Patent.   Bagherzadeh, in accordance with the Order from the arbitration panel, highlighted each contribution he made to U.S. Patent Application 2009/0005608[8] ('5608).   Ex. 16.   Bagherzadeh's highlighting consisted of the title, abstract and paragraphs 33-34 in the description.   *Id.*   HRD confirmed Bagherzadeh's marking was complete at his deposition.   *See*  Ex. 4, Pgs 92:8-95:12.   Bagherzadeh testified under oath that he had plenty of time to review this application, that he understood the task, and that his markings fully encompass his contributions.   *Id.* at 84:1-85:9.

30.     The '493 patent was issued with thirteen (13) claims.   Ex. 17. The claims included in the '493 patent are a subset of the twenty (20) claims included in the '5608 application. Ex. 16;   *See also* Docket No. 1 ¶ 49 and Bagherzadeh's admission in his answer:  Ex. 2, ¶ 49.

31.     By Bagherzadeh's own admissions, both in highlighting the application and sworn testimony, Bagherzadeh admits he did not contribute to a single claim in the '493 patent.  Because he did not contribute to a single claim, Bagherzadeh - as a matter of law - is not an inventor of the subject matter claimed in the '493 patent.  *See Sewall*, 21 F.3d at 415.

32.     Therefore, HRD requests the Court enter an Order directing the Director of Patents to correct the inventorship of the '493 Patent by removing Bagherzadeh's name from the list of inventors.

---

[8] '5608 is the publication number of the application that ultimately issued as the '493 patent.

### G. Bagherzadeh's Sworn Testimony Conclusively Shows he did not Contribute to the Claims in the '174 Patent

33. Bagherzadeh is not an Inventor of the Inventions claimed in the '174 Patent. Bagherzadeh, in accordance with the Order from the arbitration panel, highlighted each contribution he made to U.S. Patent Application 2009/0005604[9] ('5604). Ex. 18. Bagherzadeh's highlighting consisted of the title, abstract and part of the brief summary provided in paragraphs 11. *Id.* HRD confirmed Bagherzadeh's marking was complete at his deposition. *See* Ex. 4, Pgs 101:15-102:6. Bagherzadeh testified under oath that he had plenty of time to review this application, that he understood the task, and that his markings fully encompass his contributions. *Id.* at 84:1-85:9.

34. The '174 patent was issued with thirteen (13) claims. Ex. 19. The claims included in the '174 patent are a subset of the twenty nine (29) claims included in the '5604 application. Ex. 18; *See also* Docket No. 1 ¶ 55 and Bagherzadeh's admission in his answer: Ex. 2 ¶ 55.

35. By Bagherzadeh's own admissions, both in highlighting the application and sworn testimony, Bagherzadeh admits he did not contribute to a single claim in the '174 patent. Because he did not contribute to a single claim, Bagherzadeh - as a matter of law - is not an inventor of the subject matter claimed in the '174 patent. *See Sewall*, 21 F.3d at 415.

36. Therefore, HRD requests the Court enter an Order directing the Director of Patents to correct the inventorship of the '174 Patent by removing Bagherzadeh's name from the list of inventors.

---

[9] '5604 is the publication number of the application that ultimately issued as the '174 patent.

### H. Bagherzadeh's Sworn Testimony Conclusively Shows he did not Contribute to the Claims in the '431 Patent

37.     Bagherzadeh is not an Inventor of the Inventions claimed in the '431 Patent.   Bagherzadeh, in accordance with the Order from the arbitration panel, highlighted each contribution he made to U.S. Patent Application 2009/0005602[10] ('5602).   Ex. 20 .   Bagherzadeh's highlighting consisted of the title, abstract and paragraph 44 in the description.   *Id.*   HRD confirmed Bagherzadeh's marking was complete at his deposition.   *See* Ex. 4, Pgs. 92:8-95:12.   Bagherzadeh testified under oath that he had plenty of time to review this application, that he understood the task, and that his markings fully encompass his contributions.   *Id.* at  84:1-85:9.

38.     The '431 patent was issued with ten (10) claims.   Ex. 21. The claims included in the '431 patent are a subset of the twenty (20) claims included in the '5602 application. Ex. 20;   *See also* Docket No. 1 ¶ 65 and Bagherzadeh's admission in his answer:  Ex.2 ¶ 65.

39.     By Bagherzadeh's own admissions, both in highlighting the application and sworn testimony, Bagherzadeh admits he did not contribute to a single claim in the '431 patent.  Because he did not contribute to a single claim, Bagherzadeh - as a matter of law - is not an inventor of the subject matter claimed in the '431 patent.  *See Sewall*, 21 F.3d at 415.

40.     Therefore, HRD requests the Court enter an Order directing the Director of Patents to correct the inventorship of the '431 Patent by removing Bagherzadeh's name from the list of inventors.

---

[10] 5602 is the publication number of the application that ultimately issued as the '431 patent

## I.  Bagherzadeh's Sworn Testimony Conclusively Shows he did not Contribute to the Claims in the '953 Patent

41.     Bagherzadeh is not an Inventor of the Inventions claimed in the '953 Patent.   Bagherzadeh, in accordance with the Order from the arbitration panel, highlighted each contribution he made to U.S. Patent Application 2009/0005521[11] ('5521).   Ex. 22.   Bagherzadeh's highlighting consisted of the title, abstract, paragraph three under the technical field and paragraphs 4 and 5 under the background of the invention.   *Id.*   HRD confirmed Bagherzadeh's marking was complete at his deposition. *See* Ex. 4, Pgs 112:15-24.   Bagherzadeh testified under oath that he had plenty of time to review this application, that he understood the task, and that his markings fully encompass his contributions.   *Id.* at 84:1-85:9.

42.     The '953 patent was issued with thirteen (13) claims.   Ex. 23. The claims included in the '953 patent are a subset of the twenty four (24) claims included in the '5521 application. Ex. 22;  *See also* Docket No. 1 ¶ 73 and Bagherzadeh's admission in his answer:  Ex. 2 ¶ 73.

43.     By Bagherzadeh's own admissions, both in highlighting the application and sworn testimony, Bagherzadeh admits he did not contribute to a single claim in the '953 patent.  Because he did not contribute to a single claim, Bagherzadeh - as a matter of law - is not an inventor of the subject matter claimed in the '953 patent.  *See Sewall*, 21 F.3d at 415.

44.     Therefore, HRD requests the Court enter an Order directing the Director of Patents to correct the inventorship of the '953 Patent by removing Bagherzadeh's name from the list of inventors.

---

[11] 5521 is the publication number of the application that ultimately issued as the '953 patent

### J. Bagherzadeh's Sworn Testimony Conclusively Shows he did not Contribute to the Claims in the '391 Patent

45. Bagherzadeh is not an Inventor of the Inventions claimed in the '391 Patent. Bagherzadeh, in accordance with the Order from the arbitration panel, highlighted each contribution he made to U.S. Patent Application 2009/0005615[12] ('5615). Ex. 24 . Bagherzadeh's highlighting consisted of the title, abstract paragraph 3 in the technical field and paragraphs 4-7 in the background of the invention. *Id.* HRD confirmed Bagherzadeh's marking was complete at his deposition. *See* Ex. 4 Pg. 110:2-9. Bagherzadeh testified under oath that he had plenty of time to review this application, that he understood the task, and that his markings fully encompass his contributions. *Id.* at 84:1-85:9.

46. The '391 patent was issued with twelve (12) claims. Ex. 25. The claims included in the '391 patent are a subset of the seventeen (17) claims included in the '5615 application. Ex. 24; *See also* Docket No. 1 ¶ 79 and Bagherzadeh's admission in his answer: Ex. 2 ¶ 79.

47. By Bagherzadeh's own admissions, both in highlighting the application and sworn testimony, Bagherzadeh admits he did not contribute to a single claim in the '391 patent. Because he did not contribute to a single claim, Bagherzadeh - as a matter of law - is not an inventor of the subject matter claimed in the '391 patent. *See Sewall*, 21 F.3d at 415.

48. Therefore, HRD requests the Court enter an Order directing the Director of Patents to correct the inventorship of the '391 Patent by removing Bagherzadeh's name from the list of inventors.

---

[12] 5615 is the publication number of the application that ultimately issued as the '391 patent

### K. Bagherzadeh's Sworn Testimony Conclusively Shows he did not Contribute to the Claims in the '481 Patent

49.     Bagherzadeh is not an Inventor of the Inventions claimed in the '481 Patent.   Bagherzadeh, in accordance with the Order from the arbitration panel, highlighted each contribution he made to PCT Patent Application 2009/002969[13] ('2969). Ex. 26.  Bagherzadeh's highlighting consisted of the title, abstract a commercial process disclosed in paragraph 4, and the previously known chemical reactions discussed in paragraphs 58-69.   *Id.* HRD confirmed Bagherzadeh's marking was complete at his deposition.  *See*  Ex. 14, Pgs. 67:13-69:9.  Bagherzadeh testified under oath that he had plenty of time to review this application, that he understood the task, and that his markings fully encompass his contributions.  Ex. 4, Pgs 84:1-85:9.

50.     The '481 patent was issued with seventeen (17) claims.  Ex. 27. The claims included in the '481 patent are a subset of the twenty (20) claims included in the '2969 application. Ex. 26; *See also* Docket No. 1 ¶ 85 and Bagherzadeh's admission in his answer:  Ex. 2 ¶ 85.

51.     By Bagherzadeh's own admissions, both in highlighting the application and sworn testimony, Bagherzadeh admits he did not contribute to a single claim in the '481 patent.  Because he did not contribute to a single claim, Bagherzadeh - as a matter of law - is not an inventor of the subject matter claimed in the '481 patent.  *See Sewall*, 21 F.3d at 415.

---

[13] This application was published under the PCT process and is not recited on the front page of the issued '481 patent.   However, a comparison of the application to the patent confirms these are the same inventions.

52.     Therefore, HRD requests the Court enter an Order directing the Director of Patents to correct the inventorship of the '481 Patent by removing Bagherzadeh's name from the list of inventors.

### L. Bagherzadeh's Sworn Testimony Conclusively Shows he did not Contribute to the Claims in the '188 Patent

53.     Bagherzadeh is not an Inventor of the Inventions claimed in the '188 Patent.   Bagherzadeh, in accordance with the Order from the arbitration panel, highlighted each contribution he made to U.S. Patent Application 2009/0005598[14] ('5598).  Ex. 28.  Bagherzadeh's highlighting consisted of the title, abstract, paragraph 3 listing the technical field and paragraph 12 in the description.  *Id.*  HRD confirmed Bagherzadeh's marking was complete at his deposition.   *See* Ex. 4 Pg. 107:6-11. Bagherzadeh testified under oath that he had plenty of time to review this application, that he understood the task, and that his markings fully encompass his contributions.  *Id.* at 84:1-85:9.

54.     The '188 patent was issued with twenty (20) claims.  Ex. 29. The claims included in the '188 patent are a subset of the twenty four (24) claims included in the '5598 application. Ex. 28; *See also* Docket No. 1 ¶ 91 and Bagherzadeh's admission in his answer: Ex. 2 ¶ 91.

55.     By Bagherzadeh's own admissions, both in highlighting the application and sworn testimony, Bagherzadeh admits he did not contribute to a single claim in the '188 patent.  Because he did not contribute to a single claim, Bagherzadeh - as a matter of law - is not an inventor of the subject matter claimed in the '188 patent.  *See Sewall*, 21 F.3d at 415.

---

[14] 5598 is the publication number of the application that ultimately issued as the '188 patent

56.    Therefore, HRD requests the Court enter an Order directing the Director of Patents to correct the inventorship of the '188 Patent by removing Bagherzadeh's name from the list of inventors.

### M. Bagherzadeh's Sworn Testimony Conclusively Shows he did not Contribute to the Claims in the '184 Patent

57.    Bagherzadeh is not an Inventor of the Inventions claimed in the '184 Patent.    Bagherzadeh, in accordance with the Order from the arbitration panel, highlighted each contribution he made to U.S. Patent Application 2009/0001017 [15] ('1017).  Ex. 30.  Bagherzadeh's highlighting consisted of the title, abstract paragraph 4 and paragraph 10.  *Id.*  HRD confirmed Bagherzadeh's marking was complete at his deposition.  *See* Ex. 4 Pg. 109:8-18.  Bagherzadeh testified under oath that he had plenty of time to review this application, that he understood the task, and that his markings fully encompass his contributions. *Id.* at 84:1-85:9.

58.    The '184 patent was issued with twenty (20) claims.  Ex. 31. The claims included in the '184 patent are a subset of the twenty four (24) claims included in the '1017 application. Ex. 30.

59.    By Bagherzadeh's own admissions, both in highlighting the application and sworn testimony, Bagherzadeh admits he did not contribute to a single claim in the '184 patent.  Because he did not contribute to a single claim, Bagherzadeh - as a matter of law - is not an inventor of the subject matter claimed in the '184 patent.  *See Sewall*, 21 F.3d at 415.

---

[15] '1017 is the publication number of the application that ultimately issued as the '184 patent.

60.     Therefore, HRD requests the Court enter an Order directing the Director of Patents to correct the inventorship of the '184 Patent by removing Bagherzadeh's name from the list of inventors.

### N. Bagherzadeh's Sworn Testimony Conclusively Shows he did not Contribute to the Claims in the '069 Patent

61.     Bagherzadeh is not an Inventor of the Inventions claimed in the '069 Patent.   Bagherzadeh, in accordance with the Order from the arbitration panel, highlighted each contribution he made to U.S. Patent Application 2009/0136393[16] ('6393).   Ex. 32.   Bagherzadeh's highlighting consisted of the title, abstract, the brief summary provided in paragraphs 10, and the previously known commercial catalysts described in paragraphs 61-64.   *Id.*   HRD confirmed Bagherzadeh's marking was complete at his deposition.   *See* Ex. 14, Pgs. 79:5-80:20.   Bagherzadeh testified under oath that he had plenty of time to review this application, that he understood the task, and that his markings fully encompass his contributions.   Ex. 4, Pgs.84:1-85:9.

62.     The '069 patent was issued with ten (10) claims.   Ex. 33. The claims included in the '069 patent are a subset of the twenty (20) claims included in the '6393 application. Ex. 32.

63.     By Bagherzadeh's own admissions, both in highlighting the application and sworn testimony, Bagherzadeh admits he did not contribute to a single claim in the '069 patent.   Because he did not contribute to a single claim, Bagherzadeh - as a matter of law - is not an inventor of the subject matter claimed in the '069 patent.   *See Sewall*, 21 F.3d at 415.

---

[16] '6393 is the publication number of the application that ultimately issued as the '069 patent.

64. Therefore, HRD requests the Court enter an Order directing the Director of Patents to correct the inventorship of the '069 Patent by removing Bagherzadeh's name from the list of inventors.

## VI.    CONCLUSION

65. WHEREFORE, HRD requests the Court determine Bagherzadeh is not entitled to be named as an inventor on the HRD Patents and that the Court enter an order instructing the Director of the United States Patent and Trademark Office to issue a Certificate of Correction for each of the HRD Patents thereby removing Bagherzadeh as a named inventor.

Respectfully submitted,

O'DONNELL, FEREBEE, MEDLEY & KEISER, P.C.

By:    /s/ Jason L. Frazer
Jason L. Frazer
Federal ID No. 98109
TBN: 24067211
William C. Ferebee
Federal ID No. 7017
TBN: 06907500
450 Gears Rd., Ste. 800
Houston, Texas 77067
(281) 875.8200
(281) 875.4962-fax
*Attorneys for Plaintiff*
*HRD Corporation d/b/a*
*Marcus Oil & Chemical*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was delivered to all counsel of record through the Court's electronic filing system or at the addresses below in accordance with the Federal Rules of Civil Procedure on the 8th day of September, 2011.

Murray Fogler
Russell S. Post
Brad Coffey
BECK, REDDEN & SECREST
One Houston Center
1221 McKinney, Suite 4500
Houston, TX  77010
(713) 951-3700
(713) 951-3720 facsimile

L. Lee Thweatt
TERRY & THWEATT, P.C.
One Greenway Plaza, Suite 100
Houston, Texas  77046-0102
(713) 600-4710
(713) 600-4706 facsimile

David W. Anderson
Rogers Anderson, et al
1415 North Loop West
Ste. 1020
Houston, Texas  77008

Truman E. Spring
Attorney at Law
1412 Main St., Ste. 400
Dallas, Texas  75202

/s/ Jason L. Frazer
Jason L. Frazer

**APPENDIX**

Exhibit 1                  Dr. Bagherzadeh's Motion to Dismiss
Exhibit 2                  Dr. Bagherzadeh's Answer
Exhibit 3                  Arbitration Panel Order
Exhibit 4                  Dr. Bagherzadeh's Deposition – Day 1
Exhibit 5                  Letter to Dr. Bagherzadeh requesting removal as inventor
Exhibit 6                  Response to Letter to Dr. Bagherzadeh
Exhibit 7                  Patent Application No. 2009/0005611
Exhibit 8                  U. S. Patent No. 7,479,576
Exhibit 9                  Patent Application No. 2009/0005609
Exhibit 10                 U. S. Patent No. 7,482,496
Exhibit 11                 Patent Application No. 2009/0005613
Exhibit 12                 U. S. Patent No. 7,482,497
Exhibit 13                 Patent Application No. 2009/0005612
Exhibit 14                 Dr. Bagherzadeh's Deposition – Day 2
Exhibit 15                 U. S. Patent No. 7,491,856
Exhibit 16                 Patent Application No. 2009/0005608
Exhibit 17                 U. S. Patent No. 7,592,493
Exhibit 18                 Patent Application No. 2009/0005604
Exhibit 19                 U. S. Patent No. 7,652,174
Exhibit 20                 Patent Application No. 2009/0005602
Exhibit 21                 U. S. Patent No. 7,659,431
Exhibit 22                 Patent Application No. 2009/0005521
Exhibit 23                 U. S. Patent No. 7,691,953
Exhibit 24                 Patent Application No. 2009/0005615
Exhibit 25                 U. S. Patent No. 7,696,391
Exhibit 26                 Patent Application No. 2009/002969
Exhibit 27                 U. S. Patent No. 7,749,481
Exhibit 28                 Patent Application No. 2009/0005598
Exhibit 29                 U. S. Patent No. 7,750,188
Exhibit 30                 Patent Application No. 2009/0001017
Exhibit 31                 U. S. Patent No. 7,842,184
Exhibit 32                 Patent Application No. 2009/0136393
Exhibit 33                 U. S. Patent No. 7,910,069